Filing # 125028332 E-Filed 04/15/2021 05:31:50 PM

**IN THE CIRCUIT COURT FOR THE 17th JUDICIAL CIRCUIT**
**IN AND FOR BROWARD COUNTY, FLORIDA**

CASE NO.:

ROSSMARY DOUGLAS,

    Plaintiff,

-vs-

CAPIO PARTNERS, LLC,

    Defendant.
_____/

## CLASS ACTION COMPLAINT

Plaintiff, Rossmary Douglas (hereinafter "Plaintiff") on behalf of herself and all others similarly situated, by and through her attorneys, alleges that the Defendant, Capio Partners, LLC ("hereinafter Defendant") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## INTRODUCTION

1. This is a matter of great public importance and involves one of the most important metrics in a consumer's life—their credit score. Defendant is a debt collector who collected allegedly past due debts and communicates information about those debts to the three major credit reporting agencies, Experian, Equifax, and TransUnion. The law, specifically the FDCPA, requires that Defendant communicate accurate information to the credit reporting agencies. The law also requires that Defendant provide consumers with the opportunity to dispute the validity of the debts and, if a debt is disputed, Defendant is to communicate that information to the credit reporting agencies. Defendant's failure to accurately communicate the fact that a debt was

[2102826/1]   1

disputed, causes substantial harm to a consumer's credit report and may prevent them from obtaining credit cards, mortgages, refinances, and may even cause them to lose a job or job opportunity. Defendant has a pattern of practice of failing or otherwise refusing to report debt disputes to the credit reporting agencies.

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff is a natural person, a resident of Coconut Creek, Florida, and a "Consumer" as defined by 15 U.S.C. § 1692a(3).

3. Defendant is a nationwide debt collection agency that operates from a principal address of 2222 Texoma Parkway, Suite 150, Sherman, TX 75090. Defendant collects debts throughout the United States, including in Broward county, Florida.

4. Defendant uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 et seq.

6. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district and at least one of the Plaintiffs resides in this jurisdiction.

## THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")

7. The purpose of the FDCPA is "to eliminate abusive debt collection practices and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692.

8.  The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," which includes the false representation of "the character, amount, or legal status of any debt." Id. § 1692e.

9.  The FDCPA also prohibits debt collectors from "unfair or unconscionable means to collect or attempt to collect any debt," including "the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Id. § 1692f.

10. The FDCPA creates a private right of action under 15 U.S.C. § 1692k.

11. The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3).

12. The FDCPA defines "debt collector" as "any person who uses . . . any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debt owed . . . or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

13. The FDCPA defines communication as "conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2).

14. The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction . . . [that] are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).

15. Importantly, the FDCPA 15 U.S.C. § 1692e, requires debt collectors to accurately communicate whether a debt is disputed to Credit Reporting Agencies.

## FACTUAL ALEGATIONS

16.  Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

17.  Plaintiff allegedly incurred three (3) personal financial obligations in Broward County, Florida (the "Alleged Debts").

18.  The Alleged Debts arose from goods and services, which were primarily for personal, family and household purposes, specifically, medical care and treatment.

19.  Plaintiff did not incur the Alleged Debts for business purposes, therefore, each Alleged Debt is a "debt" as defined and protected by 15 U.S.C. § 1692a(5).

20.  At some time prior to November 24, 2020, the Alleged Debts were placed with Defendant for the purpose of collection.

21.  Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6). Defendant is registered with the state of Florida as a debt collection agency (See https://real.flofr.com).

22.  At the time the Alleged Debts were placed with Defendant for the purpose of collection, they were allegedly past due.

23.  Defendant reported information about the Alleged Debts to two (2) national credit reporting agencies—TransUnion and Equifax.

24.  Plaintiff, however, disputes the validity of the Alleged Debts.

25.  As such, Plaintiff sent Defendant three separate letters, all dated November 24, 2020, which were addressed to Defendant. See Exhibit "A," "B," and "C," attached to this Complaint. Each Exhibit is fully incorporated herein by reference (the "Dispute Letters").

26. The Dispute Letters specifically dispute the Alleged Debts, request verification of the Alleged Debts, and requested a breakdown of the balance of each Alleged Debts.

27. Defendant knew that it had communicated information about the Alleged Debts to the credit reporting agencies, which would impact Plaintiff's credit report and score.

28. After Defendant received the Dispute Letters, it had an obligation to inform TransUnion and Equifax that the Alleged Debts were disputed.

29. Despite its knowledge and legal obligations, Defendant failed or otherwise refused to inform the credit reporting agencies that the Alleged Debts were disputed.

30. As of January 19, 2021, Defendant had still failed or otherwise refused to communicate the disputes to TransUnion and Equifax, and therefore both TransUnion and Equifax continued to report the accounts as charge offs, and did not indicate that they were disputed accounts.

31. Again, on March 1, 2021, because Defendant had still failed or otherwise refused to communicate the disputes to TransUnion and Equifax, both credit reporting agencies reported the Alleged Debts as being "charge offs," and did not report that the Alleged Debts were disputed.

32. Defendant continues in their failure to communicate to TransUnion and Equifax that the accounts are indeed the subject of valid disputes.

33. Defendant knew or should have known that its actions violated the FDCPA.

34. Defendant could have taken one or two simple steps to comply with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

35. As a result, based on Defendant's complete violation of a legal right, Plaintiff and the class have suffered nominal damages, which the legislature intended to be remedied by an award of statutory damages.

## CLASS ACTION ALLEGATIONS

36. Plaintiff asks to be designated as a "Class Representative," and as Class Representative brings this action under Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of all other persons similarly situated—the "Class" or "Class Members" defined as follows:

> All Florida consumers for whom Defendant failed to communicate to any person that a disputed debt was disputed as set forth herein. The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

37. Plaintiff reserves the right to amend the Class definition as discovery proceeds and to conform it to the evidence. Excluded from the Class are Defendant and any entities in which it has a controlling interest; its parent entity and owner; its agents and employees; and any Judge to whom this action is assigned and any member of such Judge's staff and immediate family.

38. **Numerosity (Rule 23(a)(1))**. Plaintiff alleges on information and belief that the number of Class Members is so numerous that joinder of them is impractical. At this time, Plaintiff does not know the exact number of Class Members, but members of the Class are defined objectively and can be ascertained through Defendant's electronic records, data, and databases. Class Representative's belief is bolstered by Defendant's own website, which advises that they service more than 750 healthcare clients, and have served at least 38 million individual patient accounts. Additionally, Defendant advises that "Capio's model is built for high volume engagements and economies of scale. In general, we look at $50 Million in annual uncollectable

receivables as a minimum threshold, though there are exceptions to the rule. A more useful gage is gross revenue; hospitals or hospital systems generating at least $1 Billion in gross revenue can benefit greatly from our program. Capio has no limit on how large a portfolio we can or will acquire." (See www.capiofw.com) Given Defendant's routine, gargantuan medical debt purchases, it is believed that there are one hundred (100) or more Class Members. Individual joinder of these Class Members is impracticable.

39. **Commonality and Predominance (Rules 23(a)(2) and 23(b)(3)).** There are common questions of law and/or fact that predominate over any questions affecting only individual members of the Class. These predominant common questions of law and/or fact include the following:

   a. Whether Defendant violated the Fair Debt Collection Practices Act by failing to notify the respective national credit reporting agencies that debts were disputed by the consumer;

   b. Whether Plaintiff and Class Members are entitled to damages as a result of Defendant's actions; and,

   c. Whether Plaintiff and the Class are entitled to attorney's fees and costs.

40. **Typicality (Rule 23(a)(3)).** Plaintiff's claims are typical of the claims that would be asserted by other members of the Class in that, by proving Plaintiff's claims that Defendant failed to have her accounts that were disputed as being noted as disputed accounts on her credit reports, Plaintiff will simultaneously prove the claims of all Class Members. The Fair Debt Collection Practices Act is a federal statute that applies nationwide to all consumers, and Defendant has engaged in a similar pattern and practice with Plaintiff and each Class Member.

41.     **Adequacy (Rule 23(a)(4))**. Plaintiff is a Class Member. Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of other Class Members and Plaintiff will fairly and adequately protect the interests of the Class Members. Plaintiff has taken action before filing this complaint, by hiring skilled and experienced counsel on behalf of Class Members to protect the interests of the Class. Additionally, Plaintiff is fully cognizant of Plaintiff's responsibility as Class Representative and has retained experienced counsel fully capable of, and intent upon, vigorously pursuing the action. Each class counsel has extensive experience in class action claims in federal court.

42.     **Superiority (Rule 23(b)(3))**. Class treatment is clearly superior to other available methods for the fair and efficient adjudication of this controversy. The likelihood that individual members of the Cass will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation and the sums due each Class Member.

43.     **Ascertainability.** Members of the class are easily ascertained through discovery and Defendant's records, systems, and databases. For example, Defendant will have a record of dispute letters received, and whether they communicated those disputes to the credit reporting agencies (they did not).

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(8)

44.     Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

45.     Section 1692e(8) of the FDCPA prohibits a debt collector from communicating to any person credit information which is known to be false or should be known to be false, including the failure to communicate that a disputed debt is disputed.

46. Plaintiff sent Defendant three (3) separate letters in which she specifically disputed the Alleged Debts that appeared on her credit reports.

47. Upon receiving these valid disputes, Defendant was required to notify each credit reporting agency to code the Alleged Debts as being disputed.

48. Defendant still has not notified the respective agencies that the Alleged Debts are disputed, thereby causing harm to Plaintiff and the class, and expressly violating the Fair Debt Collection Practices Act.

49. Plaintiff has suffered damages and other harm as a direct result of the Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

50. Defendant's failure to act as described herein caused harm to the credit of Plaintiff and others similarly situated.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

   a. Certifying this case as a Class Action;
   b. certifying Plaintiff as Class representative and the undersigned as Class Counsel;
   c. Awarding Plaintiff and the Class statutory damages;
   d. Awarding Plaintiff and the Class actual damages;
   e. Awarding Plaintiff and the Class nominal damages;
   f. Awarding pre-judgment interest;
   g. Awarding post-judgment interest;
   h. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

      i. Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR DOCUMENT RETENTION AND PRESERVATION

Plaintiff and others similarly situated demand that Defendant, and its agents, or anyone acting on its behalf, preserve and be immediately restrained from altering, deleting, or destroying any documents or records that are described herein and/or that are relevant to this Complaint.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury.

Dated: April 15, 2021

ZEBERSKY PAYNE SHAW LEWENZ, LLP
*Attorneys for Plaintiff and the Putative Class*
110 SE 6th Street, Suite 2900
Fort Lauderdale, FL 33301
Telephone: (954) 989-6333
Facsimile: (954) 989-7781
Primary Email: jshaw@zpllp.com

*/s/ Jordan A. Shaw*
JORDAN A. SHAW, ESQ.
Florida Bar No. 111771
EDWARD H. ZEBERSKY, ESQ.
Florida Bar No. 908370
MARK S. FISTOS, ESQ.
Florida Bar No. 908370

Respectfully submitted,

CONSUMER LAW ORGANIZATION, P.A.
*Attorneys for Plaintiff and the Putative Class*
721 US Highway 1, Suite 201
North Palm Beach, Florida 33408
Telephone: (561) 822-3446
Facsimile: (305) 574-0132
E-mail: dennis@cloorg.com

*/s/ J. Dennis Card Jr.*
J. Dennis Card, Jr., Esq.
FL Bar No: 0487473

# EXHIBIT A

ROSSMARY C DOUGLAS

November 24, 2020

Capio Partners LLC
2222 Texoma Pkwy, Ste 150
Sherman, TX 75090

RE: Rossmary C Douglas
    Creditor: SHERIDAN HEALTHCORP
    Alleged Amount Due: $1,043.00

Dear Sir or Madam:

    Please be advised that I dispute the above debt. I also request verification of same. The verification should include proof of the balance you claim is due, which should include a breakdown of that balance.

    I also elect that any claim against me for the above debt be submitted to arbitration rather than court.

    Lastly, you are notified to cease all further attempts to reach me via any telephone number you may have. Any such authorization that you believe you have is hereby revoked. All further communications shall be in writing only.

Sincerely yours,

*Rossmary C Douglas*

# EXHIBIT B

ROSSMARY C DOUGLAS

███████████████
███████████████

November 24, 2020

Capio Partners LLC
2222 Texoma Pkwy, Ste 150
Sherman, TX 75090

RE: Rossmary C Douglas
    Creditor: SHERIDAN HEALTHCORP
    Alleged Amount Due: $493.00

Dear Sir or Madam:

      Please be advised that I dispute the above debt. I also request verification of same. The verification should include proof of the balance you claim is due, which should include a breakdown of that balance.

      I also elect that any claim against me for the above debt be submitted to arbitration rather than court.

      Lastly, you are notified to cease all further attempts to reach me via any telephone number you may have. Any such authorization that you believe you have is hereby revoked. All further communications shall be in writing only.

Sincerely yours,

*Rossmary C Douglas*

[2102826/1]

14

**EXHIBIT C**

ROSSMARY C DOUGLAS

███████████████████
███████████████████

November 24, 2020

Capio Partners LLC
2222 Texoma Pkwy, Ste 150
Sherman, TX 75090

RE: Rossmary C Douglas
    Creditor: SHERIDAN HEALTHCORP
    Alleged Amount Due: $111.00

Dear Sir or Madam:

    Please be advised that I dispute the above debt. I also request verification of same. The verification should include proof of the balance you claim is due, which should include a breakdown of that balance.

    I also elect that any claim against me for the above debt be submitted to arbitration rather than court.

    Lastly, you are notified to cease all further attempts to reach me via any telephone number you may have. Any such authorization that you believe you have is hereby revoked. All further communications shall be in writing only.

Sincerely yours,

*Rossmary C Douglas*

[2102826/1]                     16